## M. F. SCOTT v. JOE MARIA ALIAS JOE MARIA PEDRO.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED SEPTEMBER 27, 1909. DECIDED OCTOBER 8, 1909.

HARTWELL, C.J., WILDER AND PERRY, JJ.

BILLS AND NOTES—*liability of indorser—statute of limitations.*
One who indorses a sight draft with notice of its dishonor becomes liable to his indorsee on delivering the draft and the statute of limitations then starts running.

OPINION OF THE COURT BY WILDER, J.

The previous history of this case is to be found ante, p. 389. A new trial having been had jury waived, the court made certain findings of fact from which it concluded that the action was barred by the statute of limitations and rendered judgment accordingly. The plaintiff brings exceptions, admitting that the facts as found cannot now be disturbed, but claiming that the conclusion from those facts was erroneous.

This action was brought December 24, 1907, and the draft, for the indorsement of which defendant was sued, was dated September 30, 1901, the indorsement by defendant and the delivery to plaintiff having taken place in the early part of December, 1901. The statute of limitations started running in favor of defendant whenever he became liable on his indorsement. The trial court found that defendant undertook to pay the draft if plaintiff was unable to secure payment of the same from the maker. We are inclined to think that this finding only means that the obligation of the defendant in indorsing and delivering the draft to plaintiff was that which followed as a matter of law from his acts, namely, the ordinary obligation of an indorser, as there is no evidence to sustain a finding that defendant assumed any additional obligation.

Prior to the delivery the draft had been dishonored, which fact was known to all the parties. As we have already held, ante, p. 389, that a second presentment was unnecessary in order to hold defendant, nothing remained to fix defendant's liability, and it follows that he became liable immediately on delivering the draft to plaintiff. That occurred in the early part of December, 1901, which was more than six years before this action was instituted. Therefore we are of the opinion that the trial court was correct in its conclusion that the action was barred by the statute of limitations.

Finding no error the exceptions are overruled.

*Plaintiff* in person.

*C. F. Peterson* for defendant.